Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DTOX LLC D/B/A SENTE BELLA and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. '25CV3550 H    JLB<br><br>**COMPLAINT FOR**<br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2.      This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

1
**COMPLAINT**

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, DTox LLC d/b/a Sente Bella ("Sente Bella" or "Defendant") is a California limited liability company with a principal place of business in San Diego, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are

ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Angelia, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12. Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

13. Tamara Williams is the sole author and exclusive rights holder to a close-up beauty photograph which is the subject of this suit ("Angelia Photograph").

14. Williams' Angelia Photograph as originally published contained Plaintiff's Watermark, which can be seen in the model's hair.

15. Attached hereto as Exhibit A is a true and correct copy of the Angelia Photograph.

16. Tamara Williams registered Angelia Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

17. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-259-542.

18. Defendant Sente Bella is a medical spa offering filler, Botox, facials, and more. *See generally* sentebellaspa.com.

19. Sente Bella manages, operates, and controls the Facebook account "Sente Bella Medical Spa" www.facebook.com/SenteBellaMedSpa ("Defendant's Facebook Account").

20. On information and belief, Defendant's Facebook Account generates content in order to promote Defendant's products, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

21. On or about October 7, 2023, Tamara Williams discovered her Angelia Photograph copied and published on Defendant's Facebook Account with added text which reads "FILLER. $75 Off any filler. Limit 2" ("Infringing Post").

22. Attached hereto as Exhibit C are true and correct screenshots of Defendant's Facebook Account showing the Infringing Post.

23. In the Infringing post, it can be seen that Plaintiff's Watermark has been intentionally covered and/or blurred. *See* Exhibit C.

24. Tamara Williams has never at any point granted Sente Bella a license or other permission to copy, display, distribute, or otherwise use the Angelia Photograph in the Infringing Post on Defendant's Facebook Account or elsewhere.

25. Sente Bella, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Angelia Photograph to Defendant's Facebook Account without Tamara Williams' consent or authorization.

26. Sente Bella, including their agents, contractors or others over whom they have responsibility and control, used, displayed, published, and otherwise held out to the public Williams's original and unique Angelia Photograph in order to acquire a direct financial benefit, through revenue from the sales of Defendants' services.

27. On information and belief, Defendant's use of the Angelia Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Angelia Photograph on Defendant's Facebook Account or in any other way.

28. On information and belief, the purpose of Defendant's Infringing Use was to promote Defendants' services by providing visual content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Defendants' services.

29. Soon after discovering the Infringing Post, Tamara Williams, through counsel, reached out to Defendant to have the Angelia Photograph removed and to attempt to resolve this matter without court intervention, but Defendant was not responsive to Plaintiff's efforts.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

30. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

31. Williams owns a valid copyright in the Angelia Photograph.

32. Williams registered the Angelia Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Angelia Photograph to Defendant's Facebook Account without Tamara Williams' consent or authorization.

34. Defendant, including its employees, agents, contractors or others over whom it has responsibility and control, willfully uploaded the Angelia Photograph onto Defendant's Facebook Account because Defendant knew it did not have permission to use the Angelia Photograph.

35. Defendant willfully infringed upon Plaintiff's copyrighted Angelia Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Angelia Photograph without Plaintiff's consent or authority, by using it in the Infringing Post.

36. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

37. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

**SECOND CAUSE OF ACTION**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

38. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendants, including its employees, agents, contractors or others over whom he has responsibility and control, knowingly and intentionally removed copyright management information related to the Angelia Photograph.

40. Specifically, Defendants made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Angelia Photograph, removed Plaintiff's Watermark

from the Angelia Photograph before publishing the Angelia Photograph to Defendant's Facebook Account with the Infringing Post.

41. Attached hereto as Exhibit D is a true and correct copy of Plaintiff's Angelia Photograph, showing Plaintiff's Watermark, side by side with a true and correct copy of the Infringing Post, zoomed in, showing where Defendant blurred or intentionally blurred out Plaintiff's Watermark.

42. Defendant removed Plaintiff's Watermark for the purpose of inducing, enabling, facilitating, or concealing their infringement of Plaintiff's unique and original Angelia Photograph.

43. Defendant's conduct was knowing and intentional because it knew or should have known that its removal of Plaintiff's Watermark would induce, enable, facilitate, and/or conceal it's infringement of Plaintiff's unique and original Angelia Photograph.

44. Defendant's conduct was knowing and intentional because it knew or should have known that it did not have permission to use, display, copy, or in any way alter the Angelia Photograph, including by removing Plaintiff's Watermark, because it knew or should have known it did not have permission to use Plaintiff's copyrighted Angelia Photograph.

45. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(b).

46. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams has sustained significant injury and irreparable harm.

47. As a result of Defendant's violation of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Angelia Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For a finding that Defendants intentionally removed copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for each violation of § 1202(b), pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: December 12, 2025						Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated:        December 12, 2025             Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*